UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS, | No. 1:23-cv-01232-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR CLARIFICATION OF LAW AND JUDICIAL NOTICE |
| v. | |
| PALOMINO, | (ECF No. 31) |
| Defendant. | |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's deliberate indifference claim against Defendant Palomino.

On December 16, 2024, Defendant filed a motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 26.) On January 6, 2025, Defendant filed a motion to stay all merits-based discovery, which was granted on January 7, 2025. (ECF Nos. 27, 28.)

On January 10, 2025, Plaintiff filed an opposition to Defendant's motion for summary judgment, and Defendant filed a reply on January 24, 2025. (ECF Nos. 29, 30.)

On January 27, 2025, Plaintiff filed a statement of non-opposition to Defendant's stay of merits-based discovery, and request for the Court to clarify the law and take judicial notice of certain factual findings. (ECF No. 31.) Therein, Plaintiff requests that the Court make specific findings regarding the mailbox rule, settlement conference proceedings, applicable deadlines, and access to legal property, in relation to the pending motion for summary judgment. (Id.)

Plaintiff's request must be denied. Plaintiff is advised that the Court does not issue advisory opinions or provide legal advice, even to pro se litigation. See Chi. & S. Air Lines v.

1

1  Waterman S. S. Corp., 333 U.S. 103, 113–14 (1948) ("This Court early and wisely determined
2  that it would not give advisory opinions even when asked by the Chief Executive. It has also been
3  the firm and unvarying practice of Constitutional Courts to render no judgments not binding and
4  conclusive on the parties and none that are subject to later review or alteration by administrative
5  action." (citation omitted); see also Linger v. Conan Doyle Estate, Ltd., 755 F.3d 496, 498-499
6  (7th Cir. 2014) (although "[i]t would be very nice to be able to ask federal judges for legal advice
7  ... advisory jurisdiction ... is ... inconsistent with Article III's limitation of federal jurisdiction to
8  actual disputes." (internal citations omitted)).

9      In addition, there is no basis for the Court to take judicial notice of specific facts relating
10  to Plaintiff's access to his legal property.  Federal Rule of Evidence 201 governs judicial notice.
11  Under Rule 201, a court may take judicial notice of "an adjudicative fact if it is 'not subject to
12  reasonable dispute.' " Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018)
13  (quoting Fed. R. Evid. 201(b)).  A fact is "not subject to reasonable dispute" if it is "generally
14  known," or "can be accurately and readily determined from sources whose accuracy cannot
15  reasonably be questioned." Fed. R. Evid. 201(b).  Plaintiff's request that the Court take judicial
16  notice of the fact that he does not have access to his grievance documents is not either generally
17  known, or capable of accurate and ready determination by resort to sources whose accuracy
18  cannot be questioned, and therefore is not subject to judicial notice.  Nonetheless, Plaintiff is
19  advised that the Court will consider all relevant facts and arguments when ruling on Defendant's
20  pending motion for summary judgment.

21      Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request for an advisory
22  opinion and judicial notice is DENIED.

23
24  IT IS SO ORDERED.

25  Dated:  **January 28, 2025**

26                       STANLEY A. BOONE
                     United States Magistrate Judge

27
28